Plaintiff-appellant Jerry Wray, Director of Transportation, State of Ohio (hereinafter "appellant") appeals the July 2, 1998 Judgment Entry of the Stark County Court of Common Pleas, Probate Division, ordering defendants-appellees Salvatore Maggiore, Administrator of the Estate of David Maggiore, Deceased, et al. (hereinafter collectively "appellees") to return $19,298, plus interest, which sum represents one half of the deposit withdrawn which exceeded the final award after a jury trial.
 STATEMENT OF THE FACTS AND CASE
On April 4, 1997, appellant filed a Petition for Appropriation in the Stark County Court of Common Pleas, Probate Division, seeking the appropriation and possession of certain real property owned by appellees. Per the usual procedure, appellant deposited the sum of $67,136, the fair market value of the property, with the Clerk of the Probate Court.
On July 7, 1997, appellees Salvatore Maggorie, Administrator, and Dianne Varavvas filed a Motion to Distribute Deposit. Via Judgment Entry dated July 9, 1997, the trial court found appellees were the fee simple owners of the subject premises, the taxes were current, and no outstanding encumbrances existed. The court directed the Clerk "to pay to the fee simple owners [sic], Salvatore Maggiore, Administrator of the Estate of David Maggiore, Deceased, the sum of $67,136, deposited by [appellant]." July 9, 1997 Judgment Entry/Distribution of Deposit. Thereafter, the Clerk issued a check payable to Salvatore Maggiore, Administrator for the Estate of David Maggiore, in the amount of $67,136.
On August 6, 1997, defendants Robert E. Schluneker and Linda K. Schluneker[1] filed a motion to dismiss. In their motion, the Schlunekers stated they received their pro rata share of the deposit and had no further interest in the action. The trial court dismissed the Schlunekers finding, "said Defendants [have] reached a settlement in regard to the value of their interest in the subject property." October 6, 1997 Judgment Entry. A jury trial commenced on October 8, 1997. After hearing the evidence and deliberations, the jury rendered a verdict in the amount of $28,540 as compensation due to appellees for the property appropriated. The trial court memorialized the verdict in a judgment entry dated October 28, 1997.
In a correspondence dated October 23, 1997, appellant informed counsel for appellees and counsel for the Schlunekers a refund of $38,596 was due and owing to appellant pursuant to R.C. 163.17.[2] Appellant filed a copy of the correspondence with the trial court. In response to appellant's request for a refund, Attorney Todd S. Bundy, counsel for the Schlunekers, informed appellant the Schlunekers were not required to return any portion of their share of the deposit because his clients accepted their pro rata share of the deposit and were subsequently dismissed from the proceedings.
On October 30, 1997, appellees filed a Motion for New Trial seeking additur, which the trial court denied on December 17, 1997. Appellees filed a timely notice of appeal to this court, but subsequently voluntarily dismissed said appeal.
On March 10, 1998, appellant filed a motion requesting the trial court order judgment against appellees, jointly and severally, in the amount $38,596, plus interest, pursuant to R.C. 163.17. The trial court conducted a hearing on the motion on June 30, 1998. Via Judgment Entry dated July 2, 1998, the trial court ordered appellees to return $19,298, plus interest, to appellant.[3] In its findings, the trial court referred to Attorney Bundy's October 27, 1987 correspondence which stated the Schluneker's "representing 50% of the ownership of the property, had agreed to accept the deposit filed by the State." The trial court also noted "[t]here is nothing in . . . the record to indicate the fractional ownership interest of the remaining 50% among [appellees]." The trial court further ordered appellant was not due a refund from the Schlunekers.
It is from this judgment entry appellant appeals, raising as his sole assignment of error:
 THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DID NOT ORDER A REFUND FROM THE PROPERTY OWNER OR GRANT JUDGMENT THEREON AS REQUESTED BY THE DIRECTOR PURSUANT TO OHIO REVISED CODE 163.17. (R.91).
Herein, appellant maintains the trial court erred in failing to order a full refund from appellees or grant judgment thereon pursuant to R.C. 163.17.
R.C. 163.17 provides, in part:
 If the amount of any deposit actually withdrawn by the owner exceeds the final award from which no appeal is or can be taken, the owner, at the time of entry of judgment on the award, shall refund at once to the court for the account of the agency the amount of the excess plus interest on the excess from the date of withdrawal of the excess until the date of the refund, and, upon the failure of the owner to make the refund, the agency shall be entitled to a money judgment against the owner.
 * * * In a case involving the appropriation of property by the department of transportation and if the department is the sole public agency seeking to appropriate property in the case, interest as provided for in this section shall be at the per annum rate of either the interest rate as defined and established in division (B) of section 5703.47 of the Revised Code, or ten per cent, whichever is less.
Upon granting appellees' motion to distribute deposit, the trial court directed the Clerk to distribute the entire deposit of $67,136 to "the fee simple owners [sic], Salvatore Maggiore, Administrator of the Estate of David Maggiore, Deceased." However, the trial court did not hear evidence as to the respective interests of the owners in the property and did not order the distribution accordingly pursuant to R.C.163.18.[4] Prior to trial, the Schlunekers accepted and received their pro rata share of the deposit, and were dismissed from the action.
The jury returned a verdict for appellees in the amount of $28,540. Thereafter, appellant filed a motion seeking a refund from appellees in the amount of $38,596. After conducting a hearing on appellant's R.C. 163.17 motion, the trial court ordered appellees to refund to appellant one half of the deposit withdrawn which exceeded the final award, to wit: $19,298, plus interest. The trial court further ordered no refund due to appellant from the Schlunekers.
We find the trial court's sole mistake was ordering the entire deposit distributed to only one of the defendants/property owners (i.e., Salvatore Maggiore, Administrator) when the court was on notice, through the pleadings in the matter, of the fractional ownership interests. Being on notice, the court should have conducted a hearing pursuant to R.C. 163.18 prior to ordering the distribution. Despite such failure, we agree with the trial court's ultimate decision finding appellees responsible for 50% of the refund based upon their proportional interest in the property. At oral arguments, appellant conceded the Schlunekers and appellees each owned a fifty percent interest in the property and each received their pro rata shares of the deposit. Although we disapprove of the trial court's informal determination of the ownership interests and distribution of the deposit,[5] and could vacate and reverse for an R.C. 163.18 hearing, such action is unnecessary given appellant's concession.
Because appellees received only 50% of the distribution of the deposit, we find the trial court did not err in ordering a partial refund of the excess based upon that percentage. We hold a property owner to whom a distribution of his proportionate share of a deposit is made, but who contests the value and proceeds to trial, which results in a final award less than the deposit, is responsible only for a refund equivalent to his percentage ownership when the other owners have accepted and received their pro rata shares prior to trial as established by R.C. 163.18.
Appellant's sole assignment of error is overruled.
The judgment of the Stark County Court of Common Pleas, Probate Division, is affirmed.
By: Hoffman, J., Wise, P.J. and Farmer, J. concur.
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas, Probate Division, is affirmed. Costs assessed to appellant.
--------------------
--------------------
 -------------------- JUDGES
[1] The Schlunekers are not parties to this appeal.
[2] The sum of $38,596 represents the difference between the initial deposit of $67,136 and the jury verdict of $28,540.
[3] The sum of $19,298 represents one half of the deposit withdrawn which exceeded the final award.
[4] R.C. 163.18 provides:
 At the time the agency makes a deposit or pays into court the jury award, the clerk of courts shall give notice by ordinary mail of such payment to the counsel of record of each owner and to the known address of owners not represented. Thereupon any owner may file with the court a motion for distribution. After reasonable notice to all parties and to any additional interested parties who become known to the court, the court shall hear evidence as to the respective interest of the owners in the property and may make distribution of the deposit or award accordingly.
[5] We reject appellees' argument the trial court "properly took judicial notice of Schluneker's 50% interest in the appropriated property" based upon a letter filed with the court on October 28, 1997, by Attorney Todd Bundy, counsel for the Schlunekers. Brief of Appellees at 7.